UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EARL E. SMITH, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:04-CV-515 |
| ) | (Phillips/Guyton) |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order of the Honorable Thomas Phillips, United States District Judge, for disposition of the Defendant's Motion to Allow Expert's Presence and Assistance During Deposition Testimony [Doc. 15].

The Plaintiff, Earl Smith, brings this action pursuant to the Federal Employer's Liability Act ("FELA") for injuries he allegedly sustained during his employment by the Defendant, Norfolk Southern Railway Company. In the present motion, the Defendant seeks an Order allowing the presence and assistance of Mr. Roy Dean, an engineer who will act as a consulting expert, during the deposition testimony of the Railroad's track supervisors.

The Plaintiff contends that he suffered injuries while walking on the ballast[1] along

---

[1] Ballast refers to the gravel or broken stone laid in the railroad bed.

1

the Railroad's tracks and walkways. As a part of his discovery, the Plaintiff wishes to call track supervisors to testify to the railway's structure, including the use of ballast on the tracks and surface areas [Doc. 16]. The Defendant urges this Court to allow Mr. Dean to be present and available for assistance as a consulting expert, during the depositions of the track supervisors [Doc. 16]. Defendant explains that Mr. Dean's presence and assistance, as an engineer, is essential in explaining the technical nature of the track supervisors' expected testimony [Doc. 16].

Under Rule 26(c)(5) of the Federal Rules of Civil Procedure, the discovery process may be restricted to persons designated by the court in order "to protect a party or person from embarrassment, oppression, or undue burden . . ." This rule also allows the exclusion of persons from discovery only in exceptional circumstances and upon a showing of good cause. Skidmore v. Northwest Engineering Co., 90 F.R.D. 75 (S.D. Fla. 1981).

Additionally, under Rule 615 of the Federal Rules of Evidence, a court shall order witnesses excluded upon the motion of a party, so that he or she may not hear the testimony of other witnesses. However, "The Rule" "does not authorize exclusion of . . . (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause . . . ." The sequestration rule has been held to apply to both deposition and trial testimony. Williams v. Electronic Control Systems, Inc., 68 F.R.D. 70 (E.D. Tenn. 1975). Further, it has been explicitly held that an expert needed to advise counsel in the management of litigation may be present during the taking of depositions. Williams v. Electronic Control Systems, Inc., 68 F.R.D.703 (E.D. Tenn. 1975).

2

Plaintiff argues that the case law Defendant cited in its brief does not apply to this situation since the expert witness in the cases was consulted by the inquiring party to the deposition and not the otherwise idle party. This court is not persuaded by that argument. The cases do not comment on the affiliation of the expert witness and this court does not intend to do so either.

Under the Federal Rules of Civil Procedure Rule 26(c)(5), an expert may be excluded from the discovery process only upon a motion by the party opposing the expert, and then only in exceptional circumstances. <u>Skidmore</u>, 90 F.R.D. at 76. However, even if Rule 615 of the Federal Rules of Evidence applies to the exclusion of Rule 26(c)(5) of the Federal Rules of Civil Procedure, witnesses who are deemed essential to the cause of a party are exempted from sequestration. <u>Id</u>. According to the Advisory Committee's notes to the Federal Rule 615 of Evidence, "the purpose of that exception is to allow the attendance of experts 'needed to advise counsel in the management of the litigation.'" <u>Id</u>. <u>See</u> 3 Weinstein's Evidence P 615(01).

The Defendant argues that Mr. Dean is essential to his cause and will be used only as a consulting expert. The plaintiff counters that the real reason for the expert could be to sway testimony of the Defendant's track supervisors and asks the court to deny Defendant's motion.

Absent the necessary motion for a protective order and additional evidence of compelling circumstances by which an expert may be excluded, the Defendant's motion [Doc. 15] is **GRANTED**. However, the court shall condition its ruling and admonish both parties in

3

stating that the Defendant's expert shall not confer with the deponents at any time and in any form during the depositions, including any break periods.

**IT IS SO ORDERED.**

ENTER:

　　　s/ H. Bruce Guyton　　
United States Magistrate Judge